# LORD,
*Petitioner,*

*v.*

# LAND CONSERVATION AND DEVELOPMENT
## COMMISSION et al,
*Respondents.*

### (84-ACK-027; CA A31371)

698 P2d 1026

Cory Streisinger, Portland, argued the cause for petitioner. With her on the briefs were Robert C. Shoemaker, and Lindsay, Hart, Neil & Weigler, Portland.

Michael A. Holstun, Assistant Attorney General, Salem, argued the cause for respondent Land Conservation and Development Commission. With him on the brief were Dave Frohnmayer, Attorney General, James E. Mountain, Jr.,

Solicitor General, and Jeff Bennett, Assistant Attorney General, Salem.

George B. Stevenson, County Counsel, Gold Beach, argued the cause and filed the brief for respondent Curry County.

Before Joseph, Chief Judge, and Warden and Newman, Judges.

JOSEPH, C. J.

## JOSEPH, C. J.

Petitioner seeks review of LCDC's order acknowledging the Curry County comprehensive plan and land use regulations.[1] She argues under her first assignment of error that LCDC erred by acknowledging the county's irrevocable commitment exceptions for five parcels[2] located south of the Nesika Beach community. Petitioner contends, *inter alia,* that the county has not adequately explained "why its findings lead it to the conclusion that the land has been irrevocably committed to non-resource use." ORS 197.732(4) provides:

"A local government approving or denying a proposed exception shall set forth findings of fact and a statement of reasons which demonstrate that the [exceptions] standards of subsection (1) of this section have or have not been met."

*See also* OAR 660-04-028(3).

We agree with petitioner's argument. We have discussed the statutory and regulatory provisions relating to irrevocable commitment exceptions at some length in *1000 Friends of Oregon v. LCDC,* 69 Or App 717, 688 P2d 103 (1984), and *Sommer v. Douglas County,* 70 Or App 465, 689 P2d 1000 (1984). A detailed discussion of the county's and LCDC's errors here would add nothing of authoritative substance to what we said in those cases and, in the light of those cases, such a discussion should not be necessary to assist the county and LCDC in the further proceedings that our holding here requires.

Petitioner suggests that a remand to LCDC and—ultimately-the county is unnecessary because, in addition to determining that the county did not adequately explain why the exceptions satisfy the statutory and regulatory standards, this court can also determine as a matter of law that the exceptions *cannot* satisfy those standards. Therefore, according to petitioner, we should reverse the acknowledgement order outright. The problem with that suggestion is that the county's explanations are inadequate because they *do not*

---

[1] We reviewed a separate petition from the same order in *1000 Friends of Oregon v. LCDC,* 73 Or App 350, 698 P2d 1027 (1985).

[2] The parcels are referred to by the parties as "Parcel B," "Parcel C," the "Freid Parcel," the "Lin Parcel" and the "Merz Parcel."

demonstrate that the exceptions satisfy the applicable standards. Whether the county *could* succeed in making such a demonstration is a question that must abide the attempt. We cannot say as a matter of law on the basis of this record that it is *absolutely* impossible for the exceptions to meet the standards. Moreover, the question is one for LCDC to consider in the first instance. *See* ORS 197.251; 197.732(6).

Petitioner's contention under her second assignment is that the county has failed to fulfill the requirements of Goal 5 and OAR 660-16-010 that it consider the economic, social, environmental and energy consequences that the development of the five parcels will have on the Nesika Beach Forest natural area and that it "develop a program to resolve conflicts resulting from" that development. Because our disposition of petitioner's first assignment leaves the nature and extent of the permissible development of the parcels in doubt, the county and LCDC will eventually have to reconsider the Goal 5 implications of any development that they determine to be allowable. For that reason, petitioner's second assignment of error is moot for the purposes of this appeal.

Reversed and remanded for reconsideration.