Argued and submitted September 2, affirmed as modified October 22, 1997

# DEPARTMENT OF LAND CONSERVATION AND DEVELOPMENT,
*Respondent,*

*v.*

# CURRY COUNTY,
*Respondent,*

*and*

# PIGEON POINT CORPORATION,
*Petitioner.*

(LUBA No. 96-210; CA A98550)

947 P2d 1123

David B. Smith argued the cause and filed the brief for petitioner.

John T. Bagg, Assistant Attorney General, argued the cause for respondent Department of Land Conservation and Development. With him on the brief were Hardy Myers, Attorney General, and Virginia L. Linder, Solicitor General.

No appearance for respondent Curry County.

Before De Muniz, Presiding Judge, and Deits, Chief Judge, and Haselton, Judge.

DEITS, C. J.

## DEITS, C. J.

Petitioner Pigeon Point Corporation seeks review of LUBA's remand of Curry County's decision granting petitioner's application for a comprehensive plan amendment and zone change to permit residential development on a 65-acre parcel that is now designated and zoned for resource use. As part of its decision, the county took exceptions to Goals 3 and 4, the statewide agriculture and forestry planning goals, on the ground that the parcel is "irrevocably committed" to nonresource use. The only issue that petitioner raises before us is whether LUBA erred in holding that the county had not adequately demonstrated that the exceptions comply with OAR 660-04-028, the Land Conservation and Development Commission's (LCDC) rule pertaining to goal exceptions based on irrevocable commitment.[1] We agree with

---

[1] Although the rule has since been amended, it is agreed that the applicable version is the one that was in effect at the time of petitioner's application, and all references in our opinion are to that version of the rule. It provided, in relevant part:

"(1) A local government may adopt an exception to a goal when the land subject to the exception is irrevocably committed to uses not allowed by the applicable goal because existing adjacent uses and other relevant factors make uses allowed by the applicable goal impracticable:

"* * * * *

"(2) Whether land is irrevocably committed depends on the relationship between the exception area and the lands adjacent to it. The findings for a committed exception therefore must address the following:

"(a) The characteristics of the exception area;

"(b) The characteristics of the adjacent lands;

"(c) The relationship between the exception area and the lands adjacent to it; and

"(d) The other relevant factors set forth in OAR 660-04-028(6).

"* * * * *

"(6) Findings of fact for a committed exception shall address the following factors:

"(a) Existing adjacent uses;

"(b) Existing public facilities and services (water and sewer lines, etc.);

"(c) Parcel size and ownership patterns of the exception area and adjacent lands:

"* * * * *

"(d) Neighborhood and regional characteristics;

"(e) Natural or man-made features or other impediments separating the exception area from adjacent resource land. Such features or impediments

LUBA's disposition and, except in one particular, with its reasoning.

According to LUBA, the exceptions were based entirely, or virtually so, on the county's conclusion that the exception area (*i.e.*, the specific property for which the exceptions were taken) "is physically unsuitable for any Goal 3 or Goal 4 use[.]" The county treated that physical characteristic of the exception area as an "[o]ther relevant factor" that may be considered under OAR 660-04-028(6)(g). LUBA held, for essentially two reasons, that the county's findings and reasoning were not sufficient to justify the exception. First, LUBA noted:

> "As set forth in OAR 660-04-028(2), the focus of an irrevocably committed exception is on the relationship between the exception area and the lands adjacent to it. * * * In this case, the county has not found that uses on adjacent properties irrevocably commit the subject property to nonresource use." (Citations omitted.)

Thus, LUBA reasoned that the county had considered only one of the factors enumerated in the rule, and had not given due consideration or weight to the other factors and to the interrelationship among the factors. However, LUBA then indicated that the factor that the county had considered—the specific property's characteristics and unsuitability for resource uses—did not qualify as an "other relevant factor" and, in effect, was not relevant at all "to the evaluation of whether resource property is irrevocably committed to nonresource use[.]"

Petitioner assigns error to the latter aspect of LUBA's reasoning, and asserts that LUBA was incorrect "when it held that the unsuitability of the subject property for resource use is not relevant to the evaluation of whether resource property is irrevocably committed to nonresource

---

include but are not limited to roads, watercourses, utility lines, easements, or rights-of-way that effectively impede practicable resource use of all or part of the exception area;

"(f) Physical development according to OAR 660-04-025;

"(g) Other relevant factors."

OAR 660-04-028(1) materially duplicates ORS 197.732(1)(b) and the corresponding provision in Goal 2.

use for purposes of Goal 2, ORS 197.732(1)(b) and OAR 660-04-028." Respondent Department of Land Conservation and Development (DLCD) agrees with petitioner that, under OAR 660-04-028, "the county may consider the characteristics of the property for which the exception is sought." We also agree. *See, e.g., Sommer v. Douglas County*, 70 Or App 465, 689 P2d 1000 (1984). However, DLCD continues, its agreement with that proposition does not signify agreement with what it understands petitioner to also contend, "that the characteristics of the subject property may be the primary or sole source of the basis upon which the county seeks to justify the exception."

The parameters of the parties' agreement and disagreement are not entirely clear. However, the *general* area of their disagreement is over the *extent* to which the characteristics of the exception area itself can provide a justification for an irrevocably committed exception. Petitioner suggests that, under appropriate circumstances, a county may rely "predominantly" on those characteristics, while DLCD suggests that OAR 660-04-028 establishes a "hierarchical" inquiry that "includes the characteristics of the subject property," but places the "prime focus" on "the relationship [of that property] to the adjacent land."

The relevant provisions of OAR 660-04-028 make it clear that *all* of the factors enumerated in the rule must be considered. Like Goal 2 and ORS 197.732(1)(b), OAR 660-04-028(1) makes the nature of "existing *adjacent uses*" the focal criterion for an irrevocably committed exception for particular property, and OAR 660-04-028(2) and (6) require adjacent uses and the relationship between the exception area and adjacent lands to be considered as factors.

Stated somewhat differently, an irrevocable commitment exception to Goals 3 and 4 must take into account the activities on and availability for resource use of surrounding areas as well as the area for which the exception is proposed. *See Denison v. Douglas County*, 101 Or App 131, 134, 789 P2d 1388 (1990). For a county to give exclusive or "preponderant" weight to the characteristics of the exception area alone, in performing its analysis, would be contrary to the fundamental test for an irrevocable commitment exception, which

requires surrounding areas and their relationship to the exception area to be the basis for determining whether the exception is allowable.

We agree with petitioner that LUBA erred in holding that the characteristics of the proposed exception area and its unsuitability for resource use are wholly irrelevant. We agree with LUBA that the appropriate disposition is a remand to the county and, subject to the one modification we have indicated, we also agree with LUBA's other dispositional conclusions that the county is to apply on remand.

Affirmed as modified.